IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| RONALD ESSIEN | § | CASE NO: 06-34538 |
| Debtor(s) | § | |
| | § | CHAPTER 13 |

## **MEMORANDUM OPINION AND ORDER FOR SANCTIONS**

On November 29, 2006, this Court held a show cause hearing in this case. Ronald Essien was required to show cause why he should not be sanctioned for filing a false affidavit. Based on the findings of fact and conclusions of law made at that hearing, and supplemented by this written memorandum opinion, Essien is sanctioned $900 and his case is dismissed with a bar to refiling for 180 days.

### Grounds for Sanction

Ronald Essien filed for chapter 13 bankruptcy on September 4, 2006. On September 12, 2006, Essien filed an emergency motion seeking an extension of time to receive credit counseling. That motion was denied for failing to meet the requirements set forth in § 109(h)(3). On September 18, 2006, Essien filed an amended motion for extension [doc. no. 15]. In support thereof, he filed a sworn affidavit describing his unsuccessful attempts to receive credit counseling [doc. no. 35].

Within the affidavit, Essien stated that he contacted Money Management International, Inc. ("MMI") eight times, beginning on August 30, 2006 and ending on September 5, 2006. The first seven attempts to receive credit counseling were unsuccessful. Essien states that "[MMI] told me to KEEP calling … and, sooner-or-later … they would be able to counsel me. They were hampered by short staff due to the Labor Day Holidays [sic]."

On October 12, 2006, the U.S. Trustee for the Southern District of Texas filed an amended motion to dismiss the chapter 13 pursuant to §§ 109(h) and 1307(c).  In the motion, Trustee asserted that he received a copy of MMI's contact record with Essien showing each time Essien spoke with an MMI counselor.  Contrary to Essien's sworn affidavit, the record indicated an attempt to obtain *mortgage* counseling on August 4, 2006, and only one attempt to obtain *credit* counseling on September 5, 2006.  Based on this evidence, Trustee moved for dismissal.

On October 26, 2006, the Court held a hearing on Essien's motion to extend time and Trustee's motion to dismiss.  An agent for MMI testified as to that company's record keeping protocol.  MMI keeps records of all incoming calls, including calls which result in hang-ups and those put on hold.  The MMI agent testified that the company's records showed only two contacts with Essien.

On October 31, 2006, the Court issued an order requiring Essien to show cause why he should not be sanctioned.  The basis of that order was the inconsistency between Essien's sworn affidavit and MMI's records and testimony.  The order required Essien to appear on November 29, 2006.

The show cause hearing was held on November 29, 2006.  Essien was sworn and testified.  Essien offered the Court continually changing and unsubstantiated testimony.  Essien contradicted himself regarding the substance of an alleged outgoing message on the MMI phone system.  Essien also claimed that he used his cell phone on Labor Day but used a pay phone on the Saturday and Sunday preceding Labor Day.  His rationale for this was that his cell provider, T-Mobile, provides free holiday service, but not free weekend service.  The Court looked at the T-Mobile website, and could find no plan with such an arrangement.

At the November 29th hearing, the Court concluded that Essien's testimony was entirely incredible. Essien fabricated a story about calling MMI from a pay phone in order to support his motion for extension of the stay and in order to avoid dismissal. He then swore that this story was true under penalty of perjury, both in an affidavit and on the stand as a witness. Such behavior is unacceptable and deserving of sanction.

Another major inconsistency concerns the difference between Essien's pleadings and his sworn testimony. Essen's pleadings state that he actually spoke with an MMI representative in one of his telephone calls. On the witness stand, Essien testified that none of his calls were answered. This is material because of MMI's tracking system. If Essien had spoken with a person, the conversation would have appeared in MMI's telephone logs. If Essien had called from his cell phone, even an unanswered call would have appeared in MMI's telephone records. Calls from a payphone would not have appeared in the MMI log. Accordingly, Essien's testimony became that his calls were both unanswered and from a payphone. This testimony was inconsistent with his prior pleadings—and not credible to the Court.

## Sanctions

Fed. R. Bankr. P. 9011(c) gives this Court the power to sanction parties for violating Fed. R. Bankr. P. 9011(b). This Court also has inherent authority to regulate the practice of litigants and lawyers appearing before it. *Chambers v. NASCO, Inc*., 501 U.S. 32 (1991).

In determining appropriate sanctions, the Court should limit the sanction to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. FED. R. BANKR. P. 9011(c). *In re Porcheddu,* 338 B.R. 729 (Bankr. S.D. Tex. 2006).

The Court has examined what sanctions have been imposed by other courts. Frequently the amount of sanctions is determined by examining opposing counsel's attorneys fees. In

general, this Court rejects fee shifting as the only appropriate measure of sanctions. The fees incurred by others may or may not properly measure the amount that is appropriate to deter future wrongful conduct by a party. *Fox v. Acadia State Bank*, 937 F.2d 1566, 1571 (11th Cir. 1991). When the sanctions are imposed on the Court's own motion, it may be inappropriate to examine the Court's own cost of operation as an appropriate measure. *Blue v. United States Dep't of Army*, 914 F.2d 525, 548 (4th Cir. 1990). Accordingly, the Court will examine the particulars of the conduct, the party, and the required deterrent in order to assess an appropriate sanction.

In *Chambers,* the Supreme Court affirmed the imposition of sanctions of $996,644, disbarment and suspension for bad faith conduct of a defense of a contract suit. *Chambers*, 501 U.S. at 55-58. In that case, the monetary award was based on a measure of opposing counsel's fees, but additional sanctions were added to assure proper deterrence. In other cases, sanctions have been limited to an admonishment of counsel. However, admonishments are generally limited to situations that are substantially less egregious than the conduct before this Court. *Traina v. U.S.*, 911 F.2d 1155, 1158 (5th Cir. 1990) (reprimand for reliance on inapplicable case law); *Miller v. Norfolk So. Ry. Co.*, 208 F. Supp. 2d 851, 854 (N.D. Ohio 2002) (reprimand for filing frivolous motion to reconsider which simply repeated earlier arguments); *Jenkins v. Methodist Hosp. of Dallas, Inc.*, 2004 WL 2871006, at *2 (N.D. Tex. Dec. 14, 2004) (reprimand for failure to proofread brief and correct erroneous quotation upon discovery of error).

Essien submitted a false affidavit and exacerbated the situation by offering false testimony. According to Essien's schedules and statements he earns $3,500 a month. The Court finds that approximately one-quarter of Essien's monthly income, or $900, is an appropriate sum

to deter similar conduct by Essien and others. The sum is to be paid to the Clerk of Court within 10 days of the entry of this order.

Additionally, Essien has requested that his case be dismissed. The Court grants his request for dismissal. This is not an aspect of the Court's order for sanction, as Essien has stated that he no longer wishes to remain in bankruptcy. However, the Court also bars Essien from filing for bankruptcy for 180 days following the entry of this order. This bar is an aspect of the Court's sanction order, and is intended to deter Essien and others similarly situated from acting in an untruthful manner before a court of law.

Signed at Houston, Texas, on December 6, 2006.

MARVIN ISGUR
United States Bankruptcy Judge